UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO K. BURRELL,

                                  Plaintiff,                      9:22-cv-102 (BKS/ML)

v.

CHARLIE DURKIN, et al.,

                                  Defendants.
_____

**Appearances:**

*For Plaintiff Pro Se:*
Ako K. Burrell
17-B-2994
Attica Correctional Facility
Box 149
Attica, NY 14011

*For Defendants:*
Letitia James
Attorney General of the State of New York
Nicholas W. Dorando
Matthew P. Reed
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff Ako K. Burrell commenced this civil rights action asserting claims under 42

U.S.C. § 1983 arising out of his incarceration at Clinton Correctional Facility. (Dkt. No. 1). On

June 14, 2023, Plaintiff filed a motion for summary judgment "on liability" under Federal Rule

of Civil Procedure 56 as to all claims with damages to be determined at trial. (Dkt. No. 65). On

July 6, 2023, Defendants filed a cross-motion for summary judgment under Rule 56 seeking to dismiss the Complaint in its entirety, as well a response to Plaintiff's motion. (Dkt. No. 68, 69). Plaintiff filed a response to Defendants' cross-motion on July 31, 2023. (Dkt. No. 71). This matter was assigned to United States Magistrate Judge Miroslav Lovric who, on December 13, 2023, issued a Report-Recommendation and Order recommending that Plaintiff's motion for summary judgment be denied and that Defendants' cross motion for summary judgment be granted in part and denied in part. (Dkt. No. 78). Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 78, at 44). Plaintiff filed objections to the Report-Recommendation on January 5, 2024. (Dkt. No. 82). Defendants filed no objections and no response to Plaintiff's objections. For the reasons that follow, the Report-Recommendation is accepted in part and rejected in part, Plaintiff's motion for summary judgment is denied, and Defendants' motion for summary judgment is granted in part and denied in part.

## II.   STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

### III.   BACKGROUND

As summarized below, Plaintiff brings a total of ten claims: five Eighth Amendment excessive force claims; three First Amendment retaliation claims; and two Eighth Amendment deliberate medical indifference claims.

#### A.   Eight Amendment Excessive Force

##### 1.   Correction Officer Brian Kelly

Plaintiff testified that on September 21, 2021, Defendant Brian Kelly, a Clinton Correction Officer, escorted Plaintiff to a hearing regarding a misbehavior report, pushed Plaintiff, who was shackled, into a wall, started frisking him, and placed his hand inside Plaintiff's underwear and "penetrated [Plaintiff's] anus," "between . . . six and eight times." (Dkt. No. 68-6, at 39–44). In a declaration, Defendant Kelly acknowledges that he escorted Plaintiff to a hearing on September 21, 2021, but states that he "did not pat-frisk the Plaintiff" perform a cavity search that day and denies "sexually assaulting or assaulting the Plaintiff at any time." (Dkt. No. 68-10, ¶¶ 10–11).

##### 2.   Lieutenant Charles Durkin

Plaintiff claims that on October 5, 2021, he was "sitting down, restrained" waiting for a hearing when Defendant Charles Durkin, a Lieutenant at Clinton, slapped him across the face, causing his right eye to swell and his nose to bleed, "snatched" Plaintiff's legal work out of his hand, started choking Plaintiff, "yanked [Plaintiff's] pants down," and "yanked on [Plaintiff's] buttocks," causing a "split in [Plaintiff's] rectum cavity," grabbed Plaintiff's "neck and throat

3

area," and "pushed his thumbs into [Plaintiff's] larynx, and was banging [Plaintiff's] head into the wall." Plaintiff lost consciousness. (Dkt. No. 68-6, at 63–71). Medical was called, including a stretcher, and Defendant Durkin instructed Plaintiff to "[l]ay the fuck down" on the stretcher. (*Id.* 84–85). In his declaration, Defendant Durkin recalled "Plaintiff being present and waiting on the bench in the tier office hallway" on October 5, 2021. (Dkt. No. 68-7, ¶ 8). Defendant Durkin states that as Plaintiff was being loud and boisterous, he ordered Plaintiff "to stop laughing, making noise, and talking." (*Id.*). According to Defendant Durkin, Plaintiff argued and then began "complaining of chest pains." (*Id.* ¶ 10). Defendant Durkin denies physically or sexually assaulting Plaintiff on October 5 and Defendants have filed a video of this alleged incident. (*Id.* ¶ 14; Dkt. No. 68-14, at 8). The video shows a heated interaction, but no physical altercation, between Plaintiff and Defendant Durkin, that ended in Plaintiff being placed (or laying down on) a stretcher. (Dkt. No. 68-14, at 8). Plaintiff's face does not appear to be swollen and there does not appear to be any blood on his case. (*Id.*).

### 3. Correction Officer Dylan Lashway

Plaintiff asserts two excessive force claims against Defendant Lashway: (1) that Defendant Lashway physically assaulted him on October 5, 2021 by placing his elbow on Plaintiff's throat while he was on the stretcher; and (2) that Defendant Lashway sexually assaulted Plaintiff on October 7, 2021, while Plaintiff was being admitted to the Office of Mental Health ("OMH"). (Dkt. No. 65-1, ¶¶ 11, 17).

Plaintiff testified that on October 5, 2021, while being carried on the stretcher, the straps were unfastened and Plaintiff fell off, "fell down a flight of stairs, banged [his] head, and] lost consciousness." (Dkt. No. 68-6, at 87). After "being placed back on the stretcher," Defendant Dylan Lashway, a Clinton Correction Officer, placed his elbow on Plaintiff's throat, applied pressure, and was "calling [Plaintiff] racial slurs." (*Id.* at 87–88). In a declaration, Defendant

Lashway acknowledges escorting Plaintiff from the hearing office "to the Correctional Facility's medical unit" but denies assaulting Plaintiff at any point. (Dkt. No. 68-12, ¶ 11).

Plaintiff testified that on October 7, 2021, while being admitted to the OMH, he was "assaulted" by Defendant Lashway. (Dkt. No. 68-6, at 91–92). At his deposition, Plaintiff was asked: "[W]hat did Defendant Lashway do at the mental health office?" (*Id.* at 92). Plaintiff replied that his "memory isn't the best," that he was "not on [his] medication," and he "would just stick by what's stated in the complaint." (*Id.*). In his declaration in support of his motion for summary judgment, Plaintiff states he "was sexually & physically assaulted" on October 7, 2021, "[a]s set forth in [his] complaint." (Dkt. No. 65-2, ¶¶ 2, 10). Plaintiff's Complaint, which is unsworn, alleges he was "brought into the OMH admission room" and restrained and that his pants were "pulled down" and Defendant Lashway "spread [Plaintiff's] buttocks" and "entered [Plaintiff's] rectum and moved his finger around." (Dkt. No. 1, ¶¶ 49–50).

### 4. Correction Officer John Devins

Fifth, in his declaration, Plaintiff claims that on October 7, 2021, Defendant John Devins, a Clinton Correction Officer, "physically & sexually assaulted Plaintiff." (Dkt. No. 65-2, ¶ 10). In his Complaint, Plaintiff alleges that Defendant Devins "squeez[ed] . . . plaintiff's testicles." (Dkt. No. 1, ¶ 79). During his deposition, Plaintiff testified that Defendant Devins injured Plaintiff's mental health and "testicle" and caused a urinary tract infection. (Dkt. No. 68-6, at 104).

      **B.**      **First Amendment Retaliation**

            **1.**      **Lieutenant Charles Durkin**

Plaintiff claims that he "received a [misbehavior report], written by Durkin on October 6, 2021, for six (6) violations . . . the report is for reporting PREA & having chest pains."[1] (Dkt. No. 65-1, ¶ 15; Dkt. No. 65-4, at 8; *see also* Dkt. No. 1, ¶ 66 (Plaintiff alleging that Defendant Durkin retaliated against him by filing a "Tier III MB report against [Plaintiff] for . . . reporting a sexual assault")). In his declaration, Defendant Durkin acknowledges that on October 5, "[f]ollowing" the "interaction" with Plaintiff earlier that day, he "wrote the Plaintiff up on a misbehavior report for failure to obey a direct order, providing false information, harassment, creating a disturbance, and demonstration" on the basis that Plaintiff was, among other things, "talking and laughing loudly" and "started yelling he was sexually assaulted and wanted to claim PREA," which "was not true." (Dkt. No. 68-7, ¶¶ 19–20).

            **2.**      **Correction Officer Dylan Lashway**

Plaintiff claims that on October 5, 2021, Defendant Lashway placed his elbow on Plaintiff's throat while Plaintiff was on a stretcher, for "at least a minute" and that Defendant Lashway was calling Plaintiff "racial slurs while he was doing it." (Dkt. No. 68-6, at 87–88). Plaintiff asserts in the Complaint that Defendant Lashway used force against him in retaliation for Plaintiff's assertion of a PREA claim. (Dkt. No. 1, ¶ 75). Defendant Lashway denies "placing [his] elbow on Plaintiff's neck area and/or choking Plaintiff, as he alleges in the complaint." (Dkt. No. 68-12, ¶ 11).

---

[1] The misbehavior report appears to have been written on October 5, 2021, after the alleged incident earlier that day, and served on Plaintiff on October 6, 2021. (Dkt. No. 65-4, at 8). For convenience, the Court refers to this as the October 5, 2021 misbehavior report.

### 3. Nurse Mary Beth Gillen

Plaintiff claims that on or about October 7, 2021, Defendant Mary Beth Gillen, a nurse at Clinton, denied Plaintiff medical care in retaliation for Plaintiff's assertion of a PREA claim. (Dkt. No. 68-6, at 92–93; see Dkt. No. 1, ¶ 81 (alleging in Complaint that Defendant Gillen's "refusal to provide plaintiff medical services, and caused him to suffer from injuries for failing off stretcher")). In a declaration, Defendant Gillen denies Plaintiff's allegations, as asserts that she personally responded to sick calls on October 2, 10, and 27, 2021, as well as November 17 and 20, 2021. (Dkt. No. 68-8, ¶ 8).

### C. Eighth Amendment Deliberate Indifference to Serious Medical Needs

### 1. Lieutenant Charles Durkin

Plaintiff claims that on or about October 5, 2021, Defendant Durkin's failure to file an "unusual incident" report when Plaintiff fell of the stretcher as well as Defendant Durkin's denial of medical attention following that incident constitutes deliberate indifference to serious medical need. (Dkt. No. 1, ¶ 71). In his declaration, Defendant Durkin denies "ordering Plaintiff not to get medical treatment," and states that "to the contrary, [he] specifically requested that Plaintiff be taken to medical, by stretcher, to get checked out." (Dkt. No. 68-7, ¶ 23).

### 2. Lieutenant Gregory King

Plaintiff claims that on or about October 5, 2021, Defendant Gregory King's "denial of a use of force report, medical attention, and . . . order for plaintiff to be escorted by stretcher his negligence caused plaintiff to be dropped . . . and be injured." (Dkt. No. 1, ¶ 77). Plaintiff testified that King, "allowed" Plaintiff "fall" off the stretcher and "down the stairs" and "didn't allow" Plaintiff "to receive medical treatment." (Dkt. No. 68-6, at 102). In a declaration, Defendant King states that he did not deny Plaintiff medical care and that it was his "understanding that medical personnel immediately evaluated Plaintiff." (Dkt. No. 68-11, ¶ 13).

7

## IV. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

In moving for summary judgment, (Dkt. No. 65), Plaintiff filed a "Statement of Undisputed Facts" with citations to exhibits, (Dkt. No. 65-1), a declaration, (Dkt. No. 65-2), a memorandum of law, (Dkt. No. 65-3), and exhibits, (Dkt. No. 65-4). In recommending that the Court deny Plaintiff's motion for summary judgment, Magistrate Judge Lovric wrote:

> After carefully considering the matter, for the reasons set forth in Defendants' memorandum of law (Dkt. No. 68, Attach. 2 at 5), I recommend that Plaintiff's motion for summary judgment (Dkt. No. 65) be denied. Plaintiff argues that issues of fact remain for trial. As a result, Plaintiff— as the movant—failed to establish that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 247.

(Dkt. No. 78, at 29). Plaintiff acknowledges that he stated in his memorandum of law that "issues of fact remain for trial," but objects on the basis that he is a pro se litigant, this is his "first motion for summary judgment where" he was the moving party, and asserts that the Magistrate Judge should have been "able to see Plaintiff intention & the relief requested" in his motion. (Dkt. No. 82, at 58). Although Plaintiff's memorandum of law is short and contains conflicting statements, (*compare* Dkt. No. 65-3, at 3 (arguing "[a] reasonable jury could find for the plaintiff based on the facts in the plaintiff's declaration & summary judgment must therefore be denied"); *with id.* (requesting that the court "grant summary judgment on liability to the plaintiff on his claims" and determine the "amount of damages due to the plaintiff . . . at trial")), the Court agrees that Plaintiff's intent was clear and that it was error to summarily deny Plaintiff's motion on the ground that his memorandum of law contained conflicting statements.

Nevertheless, Plaintiff's motion for summary judgment must be denied. For the reasons stated in this Order, and, to the extent it is adopted, for the reasons stated in the Report-

Recommendation, the Court concludes that Defendant is entitled to summary judgment on the grounds that: Plaintiff has failed to exhaust his administrative remedies with respect to his excessive force claim against Defendants Devins and Lashway (regarding his alleged placing of his elbow on Plaintiff's throat), First Amendment retaliation claims against Defendants Durkins and Lashway, and deliberate indifference to medical needs claims against Defendants King and Durkin; and that Plaintiff has failed to identify a genuine issue of material fact as to his excessive force claim against Defendant Durkins.

Furthermore, although the Court denies Defendants' motion for summary judgment with respect to the excessive force claims against Defendant Kelly and Lashway (regarding his alleged sexual assault) and the First Amendment retaliation claim against Defendant Gillen, Plaintiff is not entitled to summary judgment as there are genuine issues of material fact with respect to those claims. For example, although Plaintiff has submitted evidence that Defendant Kelly subjected him to sexual assault on September 21, 2021, (*see*, *e.g.*, Dkt. No. 65-2, ¶ 5 (Plaintiff asserting that "Defendant Kelly placed his fingers in my anus on 9-28-2021"), Defendants have submitted a declaration by Defendant Kelly contradicting Plaintiff's assertions, (*see*, *e.g.*, Dkt. No. 68-10, ¶¶ 10–11 (Defendant Kelly stating that he "did not pat-frisk," the Plaintiff at any time on September 21, 2021," "that he did not cavity search the Plaintiff," and denying that he "penetrate[d] Plaintiff's rectal area" or that he sexually assaulted Plaintiff at any time)).

There are similar questions of fact with respect to Plaintiff's sexual assault claim against Defendant Lashway, (*compare* Dkt. No. 65-2, ¶ 10 (Plaintiff asserting Defendant Lashway "physically and sexually assaulted Plaintiff 10-07-2021"); *with* Dkt. No. 68-12, ¶ 13 (Defendant Lashway denying that he conducted a "strip frisk of the Plaintiff on October 7, 2021" and

9

denying "spreading the Plaintiff's buttocks and putting a finger into his allegedly bloody rectum")), and Plaintiff's First Amendment retaliation claim against Defendant Gillen, (*compare* Dkt. No. 68-6, at 51–51(Plaintiff testifying that at Defendant Durkins's urging due to PREA complaint, Defendant Gillen refused to medically evaluate Plaintiff); *with* Dkt. No. 68-8, ¶ 9 (Defendant Gillen denying as "patently false" that she ever refused Plaintiff medical care, and noting her personal response to a number of Plaintiff's sick calls from October 2, 2021 to November 20, 2021)). Accordingly, the Court rejects the Report-Recommendation's analysis of Plaintiff's motion for summary judgment but, for the reasons stated above, adopts the recommendation that Plaintiff's motion be denied.

### B. Defendants' Motion for Summary Judgment

#### 1. Exhaustion of Administrative Remedies

Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies with respect to his excessive force claims against Defendants Kelly, Lashway (both the October 5 and 7, 2021 claims), and Devins, retaliation claims against Devins and Lashway, and deliberate indifference claims against Defendants King and Durkin. (Dkt. No. 69-2, at 5–9). Defendants acknowledged that, as relevant here, Plaintiff filed three grievances:

- Grievance CL-0883-21, dated October 12, 2021, asserting that "The CCF is neglecting me medical attention, I was dropped from a stretcher on 10-05-2021, by 4 inmates. I suffer a concussion, nose bleed, back pain, neck pain, right foot fracture & left calf sprain." (Dkt. No. 68-9, at 60).

- Grievance No. CL-0882-21, dated October 12, 2021: "I have been filing grievances on Lt. Durkin, forcing me to be carried on a stretcher. IGP Gregory has yet to respond to this grievance, as well as a sexual assault by Lt. Durkin & . . . Lashway." (Dkt. No. 68-9, at 43).

- Grievance No. CL 0881-21, dated October 12, 2021 (substantially similar to Grievance No. CL-0882-21). (Dkt. No. 68-9, at 75).

"Pursuant to Department policy . . . the sexual assault components are treated separately, and were given PREA Log numbers 21-0056 and 0057." (Dkt. No. 68-9, ¶ 17). Defendants argued that the following claims were not exhausted: the September 21, 2021 excessive force claim (alleging sexual assault) against Defendant Kelly; the retaliation claim against Defendant Durkin in connection with the filing of the October 5, 2021, false misbehavior report; the October 5, 2021 excessive force and retaliation claims (alleging elbow to Plaintiff's throat) against Defendant Lashway, the October 7, 2021, excessive force claims (alleging sexual assault) against Defendants Lashway and Devins, and the deliberate indifference to medical needs claims against Defendants King and Durkin. (Dkt. No. 69-2, at 8). Magistrate Judge Lovric found that "regarding those eight claims, Plaintiff fails to present evidence in admissible format to establish a genuine issue of material fact for trial that he exhausted his administrative remedies." (Dkt. No. 78, at 30). Magistrate Judge Lovric further noted that Defendants' administrative exhaustion argument "does not apply to the following two claims": Plaintiff's October 5, 2021 excessive force claim against Defendant Durkin and Plaintiff's retaliation claim against Defendant Gillen. (Dkt. No. 78, at 30 n.42). Magistrate Judge Lovric therefore recommended that summary judgment be granted dismissing Plaintiff's excessive force claims against Defendants Kelly, Lashway, and Devins, Plaintiff's retaliation claim against Defendant Durkin, and Plaintiff's deliberate indifference to medical need claims against Defendants King and Durkin. (*Id.* at 34).

Plaintiff objects to dismissal of his excessive force claims (alleging sexual assault) against Kelly, Lashway, and Devins on the ground that Magistrate Judge Lovric failed to consider whether Plaintiff's PREA complaints regarding the alleged sexual assaults by these Defendants were sufficient to satisfy the exhaustion requirement. (Dkt. No. 82, at 59, 61–62; *see*

*also* Dkt. No. 71-1, at 5 (Plaintiff arguing in opposition to Defendants' motion for summary judgment that his sexual assault complaints were subject to different grievance procedure)).

In 2014, in accordance with the "Prison Rape Elimination Act ('PREA')," DOCCS has established a "a different procedure" "for complaints regarding sexual abuse or harassment." *Sheffer v. Fleury*, No. 18-cv-1180, 2019 WL 4463672, at *4, 2019 U.S. Dist. LEXIS 158842, at *10 (N.D.N.Y. Sept. 18, 2019) (citing DOCCS Directive 4040 § 701.3(i); 7 N.Y.C.R.R. § 701.3(i)). Indeed, "7 N.Y.C.R.R. § 701.3 creates a relaxed exhaustion requirement for allegations concerning incidents of sexual assault." *Haywood v. Annucci*, No. 18-cv-10913, 2022 WL 4357648, at *7, 2022 U.S. Dist. LEXIS 169934, at *18 (S.D.N.Y. Sept. 20, 2022). As a result, "an inmate is not required to file a grievance concerning an alleged incident of sexual abuse or sexual harassment to satisfy the [PLRA] exhaustion requirement." *Id.* (quoting 7 N.Y.C.R.R. § 701.3(i) (citation omitted)). "Instead,"

> [A]ny allegation concerning an incident of sexual abuse or sexual harassment shall be deemed exhausted if official documentation confirms that: [ ] an inmate who alleges being the victim of sexual abuse or sexual harassment reported the incident to facility staff; in writing to Central Office Staff; to any outside agency that the Department has identified as having agreed to receive and immediately forward inmate reports of sexual abuse and sexual harassment to agency officials under the PREA Standards; or to the Department's Office of the Inspector General[.]

*Haywood*, 2022 WL 4357648, at *7, 2022 U.S. Dist. LEXIS 169934, at *19 (quoting 7 N.Y.C.R.R. § 701.3(i)). "Thus, if an inmate files a grievance concerning sexual abuse or sexual harassment, '[t]he complaint shall be deemed exhausted upon filing.'" *Id.* (quoting 7 N.Y.C.R.R. § 701.3(i)).

Here, Plaintiff asserts that he reported Kelly's alleged sexual assault to Defendant Durkin on September 21, 2021. (Dkt. No. 68-6, at 50; *see also* Dkt. No. 71-1, ¶ 4 (Plaintiff stating in

12

declaration that he "reported the PREA" following the alleged September 21, 2021 sexual assault)). However, there is no evidence of "official documentation" confirming that "Plaintiff reported the incident to facility staff" on September 21, 2021. There is, however, is evidence of an alleged PREA incident of a similar nature on September 28, 2021. (Dkt. No. 82, at 11, 15). In any event, as Defendants have not addressed this issue, as is their burden, summary judgment is improper. *See Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) ("Because failure to exhaust is an affirmative defense, defendants bear the initial burden of establishing . . . that a grievance process exists and applies to the underlying dispute.") (internal citation omitted) (citing *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004)).

Plaintiff reported Defendant Durkin and Lashway's alleged sexual assaults in his October 12, 2021 grievances. (Dkt. No. 68-9, at 43, 75). Defendants do not address whether Plaintiff's inclusion of Lashway's alleged sexual assault in these grievances are sufficient to exhaust his administrative remedies with respect to Plaintiff's excessive force claim as to Lashway, which stem from the same alleged conduct. Accordingly, the Court declines to dismiss Plaintiff's excessive force claim as to Defendant Lashway.[2]

Plaintiff points to no evidence in the record documenting his complaint of sexual assault by Defendant Devins. Accordingly, Plaintiff's objection to summary judgment on the ground he failed to exhaust administrative remedies with respect to his excessive force claim against Defendant Devins, (Dkt. No. 82, at 62), is without merit.

---

[2] Magistrate Judge Lovric recommended that in the event this Court rejected Defendants' exhaustion arguments with respect to Defendant Lashway's alleged sexual assault of Plaintiff, that Defendants' motion for summary judgment on the merits should be denied on the ground that there are material issues of fact. (Dkt. No. 78, at 35 n.44). Plaintiff has not specifically objected to this aspect of the Report-Recommendation and having reviewed Magistrate Judge Lovric's analysis, the Court agrees.

Finally, Plaintiff objects to Magistrate Judge Lovric's recommendation that his deliberate indifference to serious medical need claim against Defendants King and Durkin be dismissed for failure to exhaust administrative remedies. (Dkt. No. 82, at 58). However, Plaintiff's objection is conclusory and he points to no evidence in the record suggesting that he exhausted his administrative remedies as to King or Durkin. Accordingly, Plaintiff's objection is denied.

### 2. Excessive Force Kelly

In recommending, in the alternative, that the Court grant Defendants summary judgment as to Plaintiff's excessive force claim against Defendant Kelly on the merits, Magistrate Judge Lovric relied on "the reasons set forth in Defendants' memorandum of law" and "emphasize[d] Defendants' contention that" in order to find in favor of Plaintiff a jury:

> Would be required to required to believe changes in the date, location, people involved, and intensity of the attack currently alleged by Plaintiff, which differ substantially from those alleged in the Complaint. ([Dkt. No. 68-2, at 12–14]) In addition, the undersigned notes that Plaintiff asserts in his opposition to Defendants' exhaustion argument that he exhausted claims regarding a "body cavity search September 21, 2021 by C.O. Kelly." (Dkt. No. [71-1], at 6). However, Plaintiff simultaneously attempts to argue that the incident with Defendant Kelly occurred on September 28, 2021. (Dkt. No. [65-1], at 1).

(Dkt. No. 78, at 36). The Court finds this is clear error. Although Defendants attempt to illustrate the variations in Plaintiff's accounts of the alleged sexual assault at different points in the litigation, (Dkt. No. 68-6, at 2–3 (chart)), the variations are minor and go to the issue of credibility. For example, Defendants appear to argue that Plaintiff's recollection of his "location at commencement of alleged event" changed at each stage, observing that in the Complaint, Plaintiff stated he was in the "recreation yard," while in his deposition, he testified that he was "in the rec yard," and in his declaration and statement of material facts, he stated he was in the "recreation area." (*Id.* at 2). None of the differences are meaningful. More importantly, although

14

Plaintiff's representations regarding the *severity* of Defendant Kelly's alleged sexual assault may have changed over time, he has consistently alleged that Defendant Kelly subjected him to anal penetration. (Dkt. No. 68-6, at 3 (noting that the Complaint alleges that Kelly used "index finger to inspect [Plaintiff's] anal crack, that Plaintiff testified that Defendant Kelly "inserted his fingers into Plaintiff's anus between six and eight times," and that Plaintiff stated in his declaration that Defendant Kelly "placed his fingers in [Plaintiff's] anus")). Plaintiff does state, for the first time in his declaration and statement of material facts that the incident occurred on September 28, 2021, (*see, e.g.*, Dkt. No. 65-2, ¶ 5), but appears to self-correct in his declaration in support of his objections, referring to the date of Defendant Kelly's alleged assault as September 21, 2021, (Dkt. No. 82, ¶ 3). Finally, as there is no argument that Plaintiff's allegations that, Defendant Kelly, without justification, subjected him to anal penetration during a pat frisk, if credited, would constitute excessive force in violation of the Eighth Amendment, Defendants' motion for summary judgment is denied.

### 3. Excessive Force Durkin

Plaintiff objects to Magistrate Judge Lovric's recommendation that his excessive force claim against Durkin be dismissed under *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005), arguing that "Plaintiff is credible and all video would support the excessive force used by Plaintiff." (Dkt. No. 82, at 58). As Plaintiff fails to articulate a specific objection, the Court reviews this claim for clear error. Having reviewed the Report-Recommendation, (Dkt. No. 78, at 34–35), and the video of the incident at issue, for clear error and having found none, Plaintiff's objection is denied.

### 4. First Amendment Retaliation Durkin

Plaintiff argues that Magistrate Judge Lovric erred in the analysis of Plaintiff's First Amendment retaliation claim against Defendant Durkin. (Dkt. No. 78, at 36–38). Specifically,

15

Plaintiff asserts that he "is not referring to the October 5, 2021 [misbehavior report] filed by Durkin" but the misbehavior report that Defendant Durkin issued on September 21, 2021, as well as Defendant Durkin's alleged denial of medical treatment, following Plaintiff's report that Kelly had sexually assaulted him earlier that day. (Dkt. No. 82, at 60). However, Plaintiff appears to be formulating this retaliation claim for the first time in his objection to the Report-Recommendation. Having reviewed all the submissions in support of the parties' respective summary judgment motions, the Court notes that Plaintiff has consistently linked his retaliation claim as to Defendant Durkin to the events of October 5, 2021. (*See*, *e.g.*, Dkt. No. 65-2, ¶¶ 6–7 (Plaintiff's Declaration in Support of Motion for Summary Judgment) (asserting "Defendant Durkin assaulted Plaintiff 10-5-2021, in the tier office" and "Defendant Durkin had Plaintiff admitted to SHU for reporting PREA & chest pain"); Dkt. No. 71-1, at 9 (Plaintiff's Opposition) (asserting "Plaintiff reporting a PREA was protected activity, Defendant Durkin issuing a misbehavior report without investigating the PREA and to place Plaintiff in the SHU" (citing Dkt. No. 68-14, at 8 (video from October 5, 2021)). Accordingly, Plaintiff's objection is without merit.[3]

As Plaintiff's remaining arguments fail to raise a specific objection, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none. Accordingly, Plaintiff's remaining objections are denied.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 78) is accepted in part and rejected in part; and it is further

---

[3] Plaintiff does not otherwise object to dismissal of his First Amendment retaliation claim against Durkin.

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 65) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 68) is: **GRANTED** as to the following claims for failure to exhaust administrative remedies: Plaintiff's Eighth Amendment excessive force claim against Defendant Lashway (related to placing his elbow on Plaintiff's throat) and Defendant Devins, Plaintiff's First Amendment retaliation claims against Defendant Durkin and Defendant Lashway, and Plaintiff's Eighth Amendment deliberate indifference to serious medical need claims against Defendants Durkin and King; **GRANTED** as to Plaintiff's Eighth Amendment excessive force claim against Defendant Durkin; and **DENIED** as to Plaintiff's Eighth Amendment excessive force claims against Defendant Kelly and Defendant Lashway (related to alleged sexual assault) and Plaintiff's First Amendment retaliation claims against Defendant Gillen; and it is further

**ORDERED** that the following claims are **DISMISSED**: Plaintiff's Eighth Amendment excessive force claims against Defendant Lashway (related to placing his elbow on Plaintiff's throat) and Defendant Devins; Plaintiff's First Amendment retaliation claims against Defendant Durkin and Defendant Lashway; and Plaintiff's Eighth Amendment deliberate indifference to serious medical need claims against Defendants Durkin and King; and Plaintiff's Eighth Amendment excessive force claim against Defendant Durkin. And it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>March 28, 2024</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge